# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

№ 25-CV-4398 (RER) (PK)

———————————————

MORRIS SCOTT and PATRICIA SCOTT

VERSUS

BENJAMIN KALLIMI, ANDREW TILEM, JUAN MARTINEZ, LEVI LANE,
CONCHO (OR CHONCO) BROWN

———————————

**MEMORANDUM & ORDER**

———————————

**RAMÓN E. REYES, JR., District Judge:**

On August 1, 2025, Plaintiff Morris Scott, appearing *pro se*, filed this action on his own behalf and on behalf of deceased litigant Patricia Scott, concerning property in Kings County. (ECF No. 1, ("Compl.")).  The Court grants Plaintiff's *in forma pauperis* application pursuant to 28 U.S.C. § 1915(a).[1] (ECF No. 2). As set forth below, Plaintiff's complaint is dismissed, without prejudice, for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff alleges the property located at 265 Covert Street ("the property") in Brooklyn, New York was stolen from his wife, Patricia Scott, by Defendant Benjamin Kallimi through a false transfer of property.  (Compl. at 7).  Plaintiff further alleges that Defendants forged Patricia Scott's "power of Attorney and Transfer[] of Real property

———————————————

[1] Plaintiff Scott alleges that he is unhoused in Newburgh, New York (located in Orange County).  (Compl. at 1).

documents" while she was seriously ill and "illegally transferr[ed] 265 Covert [St.] into their names." (*Id.* at 9).

The events at issue occurred in 2019 according to exhibits attached to the complaint, including a contract dated September 3, 2019, to sell the property signed by Patricia Scott, and a separate contract dated September 30, 2019, to sell the property signed by Plaintiff.   (Compl. at 13, 16–18).  Plaintiff also includes an obituary for Patricia Scott indicating that she passed away on December 23, 2019.  (*Id.* at 19).

Plaintiff seeks an injunction ordering "that defendants refrain from hacking Plaintiff['s] devices, stop ha[]rassing the Plaintiff," because "the defendants have and are blocking and tampering with every device we have used to file this complaint."  (*Id.* at 4).

## <u>LEGAL STANDARD</u>

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

2

Nonetheless, when a plaintiff seeks to proceed without paying the filing fee, the Court must dismiss the action if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).

## DISCUSSION

I.    <u>Plaintiff Cannot Represent Patricia Scott</u>

At the outset, the complaint cannot proceed as filed by Patricia Scott.  Although federal law affords parties a statutory right to "plead and conduct their own cases," 28 U.S.C. §1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves."  *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quotation marks omitted); *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself.").

Here, Plaintiff attempts to bring claims on behalf of Patricia Scott or her estate,[2] but he cannot do so as he does not allege that he is an attorney licensed to practice law. The Clerk of Court is directed to dismiss, without prejudice, any claims filed on behalf of Patricia Scott or the estate of Patricia Scott.

II.    <u>Subject Matter Jurisdiction</u>

To the extent Plaintiff alleges claims that are personal to him, the Court finds that it lacks subject matter jurisdiction.  The subject matter jurisdiction of the federal courts is limited.  As set forth above, federal jurisdiction in available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

Here, Plaintiff invokes the Court's federal question jurisdiction.  (*See* Compl. at 3). However, Plaintiff's allegations against Defendants concern the validity of a contract for the sale of the real property at issue, which does not arise under federal law.  "Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002).  There is no subject matter jurisdiction if "the purported federal claim is clearly 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) (citations omitted); Because Plaintiff's allegations do not arise under federal law and Plaintiff has

---

[2] Plaintiff refers to Patricia Scott as deceased in the caption and includes an obituary notice for Patricia Scott. Accordingly, only the estate of Patricia Scott could sue.

proposed no other plausible basis for this Court's subject matter jurisdiction,[3] the complaint must be dismissed. *Gaston v. Shelter*, No. 24-CV-04386 (NCM) (LB), 2024 WL 3360365, at *2 (E.D.N.Y. July 10, 2024) ("Because plaintiff has not alleged a valid basis for the Court's federal question or diversity jurisdiction, the Court must dismiss plaintiff's complaint for lack of subject matter jurisdiction.").

## **CONCLUSION**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed, without prejudice, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).  Any claims on behalf of the estate of Patricia Scott are dismissed without prejudice and the Clerk of Court is directed to terminate Patricia Scott as a plaintiff in this action.

The Clerk of Court is respectfully directed to enter judgment and close this case. The Clerk of Court shall also mail a copy of this Memorandum and Order and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[3] Complete diversity is lacking, and Plaintiff also does not plead facts to establish diversity jurisdiction under 28 U.S.C. § 1332. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (explaining that a case falls within the federal district court's diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same state).

SO ORDERED.


/s/ Ramón E. Reyes, Jr.  6:03 P.M.
_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: August 14, 2025
        Brooklyn, NY